UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Susan M.,[1]

        Plaintiff,                Court File No.  22-cv-1012 (WMW/LIB)

v.                           **REPORT & RECOMMENDATION**

Kilolo Kijakazi,
Acting Commissioner of Social Security,

        Defendant.

Plaintiff, Susan M. (hereinafter "Plaintiff"), seeks judicial review of the decision of the Acting Commissioner of Social Security ("Defendant") denying her application for disability benefits. This matter has been referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has jurisdiction over the claims pursuant to 42 U.S.C. § 405(g).

Both parties submitted cross-motions for summary judgment, and the Court took the matter under advisement on the parties' written submissions. [Docket Nos. 13, 17]. For the reasons discussed herein, the undersigned recommends that Plaintiff's Motion for Summary Judgment, [Docket No. 13], be **GRANTED**, and that Defendant's Motion for Summary Judgment, [Docket No. 17], be **DENIED**.

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions such as the present Report and Recommendation. Accordingly, where the Court refers to Plaintiff by her name only her first name and last initial are provided.

## I. Procedural History

On June 30, 2020, Plaintiff filed a Title II application for a period of disability and disability benefits, and an application for supplemental security income. (Tr. 10, 219-229).[2] Plaintiff alleged that her disability began on November 1, 2019, and that her disability was caused by impairments of "ankle deterioration" and "migraines." (Tr. 10, 82). The Acting Commissioner initially denied Plaintiff's present claims on September 15, 2020, and again, upon reconsideration, on December 22, 2020. (Tr. 115-121). On January 7, 2021, Plaintiff filed a written request for a hearing before an Administrative Law Judge. (Tr. 150-151).

Administrative Law Judge Nicholas Grey (hereinafter "ALJ") conducted a hearing on June 22, 2021. (Tr. 10). Plaintiff testified at the hearing, along with independent vocational expert, Thomas H. Heiman. (Tr. 10). On September 1, 2021, the ALJ issued a decision denying Plaintiff's request for disability benefits and supplemental security income. (Tr. 10-20). The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 20).

Thereafter, Plaintiff sought review of the decision by the Appeals Council. (Tr. 1-6). Subsequently, on March 10, 2022, the Appeals Council denied Plaintiff's request for review. (Tr. 1). Accordingly, the ALJ's decision became the final decision of the Acting Commissioner. See 20 C.F.R. §§ 404.981, 416.1481.

On April 21, 2022, Plaintiff filed the present action. (Complaint, [Docket No. 1]). Thereafter, both parties submitted cross-motions for summary judgment, and the Court took the matter under advisement on the written submissions. [Docket Nos. 13, 17].

---

[2] Throughout this Order, the Court refers to the Administrative Record, [Docket No. 10], by the abbreviation "Tr." The Administrative Record is consecutively paginated across 76 exhibits. (See Administrative Record [Docket No. 10). Where the Court cites to the Administrative Record, it refers to the page numbers found in the bottom-right corner of these exhibits.

## II. Standards of Review

### A. Administrative Law Judge's Five-Step Analysis

If a claimant's initial application for disability benefits is denied, she may request reconsideration of the decision. 20 C.F.R. §§ 404.907-404.909. A claimant who is dissatisfied with the reconsidered decision may then obtain administrative review by an administrative law judge ("ALJ"). 42 U.S.C. § 405(b)(1); 20 C.F.R. § 404.929.

To determine the existence and extent of a claimant's disability, the ALJ must follow a five-step sequential analysis. This analysis requires the ALJ to make a series of factual findings regarding the claimant's impairments, residual functional capacity, age, education, and work experience. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); see also Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992). The Eighth Circuit has described this five-step process as follows:

> The Commissioner of Social Security must evaluate: (1) whether the claimant is presently engaged in a substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations; (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003).

### B. Appeals Council Review

If the claimant is dissatisfied with the ALJ's decision, she may request review by the Appeals Council; however, the Appeals Council need not grant that request for review. See 20 C.F.R. §§ 404.967-404.982. The decision of the Appeals Council (or, if the request for review is denied by the Appeals Council, then the decision of the ALJ) is final and binding upon the claimant, unless the matter is appealed to federal court within sixty days after notice of the Appeals

Council's action.  See 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.  In this case, the Appeals Council declined to review the ALJ's decision finding that Plaintiff was not disabled.  (Tr. 1-6).

**C.  Judicial Review**

Judicial review of the administrative decision generally proceeds by considering the decision of the ALJ at each of the five steps.  However, judicial review of the Commissioner's decision to deny disability benefits is constrained to a determination of whether the decision is supported by substantial evidence in the record, as a whole.  42 U.S.C. § 405(g); Bradley v. Astrue, 528 F.3d 1113, 1115 (8th Cir. 2008); Tellez v. Barnhart, 403 F.3d 953, 956 (8th Cir. 2005); Buckner v. Apfel, 213 F.3d 1006, 1012 (8th Cir. 2000) ("We may reverse and remand findings of the Commissioner only when such findings are not supported by substantial evidence on the record as a whole.").  "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Coleman v. Astrue, 498 F.3d 767, 770 (8th Cir. 2007); Buckner, 213 F.3d at 1012 (quoting Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000)).

In reviewing the record for substantial evidence, the Court may not substitute its own judgment or findings of fact for that of the ALJ.  Hilkemeyer v. Barnhart, 380 F.3d 441, 445 (8th Cir. 2004).  The possibility that the Court could draw two inconsistent conclusions from the same record does not prevent a particular finding from being supported by substantial evidence. Culbertson v. Shalala, 30 F.3d 934, 939 (8th Cir. 1994). The Court should not reverse the Commissioner's finding merely because evidence may exist in the administrative record to support the opposite conclusion.  Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

After balancing the evidence, if it is possible to reach two inconsistent positions from the evidence and one of those positions represents the Commissioner's decision, the court must affirm

4

the decision. Robinson, 956 F.2d at 838. Thus, the court will not reverse the ALJ's "denial of benefits so long as the ALJ's decision falls within the 'available zone of choice.'" Bradley, 528 F.3d at 1115. The decision of the ALJ "is not outside the 'zone of choice' simply because [the Court] might have reached a different conclusion had [it] been the initial finder of fact." Id. "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." Medhaug v. Astrue, 578 F.3d 805, 813 (8th Cir. 2009) (quotation omitted).

The claimant bears the burden under the Social Security Act of proving that she is disabled. See 20 C.F.R. § 404.1512(a); Whitman v. Colvin, 762 F.3d 701, 705 (8th Cir. 2014). Once the claimant has demonstrated she cannot perform prior work due to a disability, the burden then shifts to the Commissioner to show that the claimant retains the residual functional capacity ("RFC") to engage in some other substantial, gainful activity. Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005).

**III. Decision Under Review**

Before beginning the five-step disability evaluation process, the ALJ first determined that Plaintiff met the insured status requirement of the Social Security Act through September 30, 2025. (Tr. 12). This finding is not in dispute.

Thereafter, the ALJ made the following determinations during the five-step disability evaluation process.

At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since November 1, 2019. (Tr. 12). This finding is not in dispute. The Court will refer to the period of time between the date Plaintiff last engaged in substantial gainful activity and the date

through which Plaintiff meets the insured status requirement of the Social Security Act as "the adjudicated period."

At step two, the ALJ concluded that Plaintiff had the following severe impairments: obesity; bilateral knee osteoarthritis; and venous stasis of the right ankle. (Tr. 13). These findings are not in dispute.

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13). Specifically, the ALJ found that Plaintiff did not have any impairment or combination of impairments which met or medically equaled listing 1.18. (Tr. 13). Plaintiff does not challenge the ALJ's findings at step three.

At step four, the ALJ made the following RFC determination:

> [T]he claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). She can lift/carry 20 pounds occasionally, 10 pounds frequently; stand/walk 6 hours; and sit 6 hours in an 8-hour workday. She can occasionally climb ramps/stairs, occasionally climb ladders, ropes, scaffolds; frequent balancing and stooping; and occasional kneeling, crouching, and crawling. She would need to avoid concentrated exposure to hazards such as moving machinery and unprotected heights. She would need to avoid wetness and moisture to the right ankle.

(Tr. 13-14). Plaintiff challenges this RFC determination made by the ALJ.

In making this RFC determination, the ALJ, considering the record, as a whole, found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms;" however, the ALJ also found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [the ALJ's] decision." (Tr. 14-15). Plaintiff challenges this credibility finding by the ALJ.

Based on that RFC determination, the ALJ found that Plaintiff was able to perform past relevant work as a salesclerk. (Tr. 19). Plaintiff challenges this finding.

Accordingly, the ALJ found that Plaintiff was not under a disability, as that term is defined by the Social Security Act, at any time during the adjudicated period. (Tr. 19).

**IV. Analysis**

Plaintiff raises one issue on her appeal of the ALJ's decision: whether the ALJ erred by improperly assessing the weight given to Dr. Scott Reichel's medical opinions. (Plf.'s Mem., [Docket No. 14], at pp. 3-13). In support, Plaintiff asserts that the ALJ's reasoning for discounting Dr. Reichel's opinions was not reasonably supported by the record because: 1) the ALJ failed to acknowledge or discuss a July 28, 2020, Work History Report, wherein Plaintiff reported limited ability to balance, squat, and kneel while performing her part-time work, which was consistent with Dr. Reichel's opinions; 2) Plaintiff's migraine headaches and lower extremity impairments were plainly documented in the record; 3) Plaintiff's reduced frequency of migraine headaches in 2019 correlated with her reduced exposure to fluorescent lighting due to reduced work hours in 2019 and her eventual retirement in the fall of 2020; and 4) the ALJ's finding that Dr. Reichel's opinions "appeared" to be based on Plaintiff's self-reported symptoms was pure speculation on the ALJ's part, and in any event, it was not improper for Dr. Reichel to rely on Plaintiff's self-reports in providing his opinion.

While the Acting Commissioner contends that she is entitled to summary judgment, arguing that Plaintiff's arguments are unavailing, and that ALJ Grey's opinion is supported by substantial evidence in the record, this Court finds one of Plaintiff's arguments are sufficiently convincing to warrant remand: the ALJ erred in failing to acknowledge or discuss Plaintiff's July 28, 2020, Work History Report.

It is well established that the Commissioner, through the ALJ, must adequately explain his decisions and factual findings in order to permit the Court to determine whether substantial evidence supports the decision. See Scott ex rel. Scott v. Astrue, 592 F.3d 818, 822 (8th Cir. 2008) (citing Chunn v. Barnhart, 397 F.3d 667, 672 (8th Cir. 2005)); Pettit v. Apfel, 218 F.3d 901, 903–04 (8th Cir. 2000). The Eighth Circuit has held that a "failure to adequately explain . . . factual findings is 'not a sufficient reason for setting aside an administrative finding' where the record supports the overall determination." Scott, 592 F.3d at 822 (citing Senne v. Apfel, 198 F.3d 1065, 1067 (8th Cir. 1999)).  Remand is appropriate, however, where the Commissioner's factual findings, considered in the context of the record as a whole, are insufficient to permit the Court to conclude that substantial evidence supports the Commissioner's decision.  See Scott, 592 F.3d at 822.  In those cases where the Commissioner's factual findings and overall conclusions are insufficient for meaningful appellate review, remand is appropriate.  See Pettit v. Apfel, 218 F.3d 901, 903–04 (8th Cir. 2000).

As the ALJ noted, Plaintiff appeared for a follow-up visit with Dr. Reichel on August 24, 2020, for treatment of her migraines and toenail fungus. (Tr. 18, 650). She appeared cooperative, healthy, and well groomed, as well as, with a normal gait and normal posture. (Tr. 651). Dr. Reichel's progress notes indicated that, approximately three years earlier, in August 2017, Plaintiff complained of worsening symptoms of an ulcer on her right ankle. (Tr. 650). Dr. Reichel discussed with Plaintiff the expectation that ulcers "[could] take months to heal," and his notes also recommended that Plaintiff undergo "wound care to expedite the healing process" and be "excused from closing shift as she needs to be off her feet and elevate towards the end of the day." (Tr. 650). However, there were no treatment notes referencing current complaints of any ulcers nor worsening migraine symptoms during Plaintiff's August 24, 2020, follow-up visit. At the

conclusion of the follow-up visit, Dr. Reichel noted that Plaintiff was stable and would follow-up with podiatry and neurology. (Tr. 651). Dr. Reichel also noted that he completed "disability paperwork" for Plaintiff. (Tr. 651).

That same day, on August 24, 2020, Dr. Reichel did complete an Accommodation Substantiation Form for Plaintiff (the "August 2020, Opinion"). (Tr. 654-656). Dr. Reichel provided that Plaintiff needed part-time or a reduced work schedule of eight hours per day, no more than three days per week, and scheduled accommodations for monthly flare-ups and treatment every six months, as well as, "limiting hours [and] exposure to fluorescent lighting" to help with fewer migraines. (Tr. 656). Dr. Reichel also limited Plaintiff to lifting, carrying, pushing, and pulling no more than twenty pounds. (Tr. 655). Dr. Reichel further provided that Plaintiff could never balance, squat, kneel, or climb ladders. (Tr. 655). Dr. Reichel also limited Plaintiff to occasional bending, stooping, crouching, and right-hand use, but she could frequently climb and continuously twist her upper body, reach at and above shoulder level, use hands repetitively, use vibrating tools and equipment with a wrist brace, and continuously flex and extend her neck, use a keyboard with both hands, use a mouse, and speak. (Tr. 655). Dr. Reichel provided that these accommodations were needed because Plaintiff's migraine headaches and ankle ulcerations substantially limited her in the major life activities of communicating, concentrating, eating, interacting with others, learning, seeing, standing, thinking, and walking, as well as, in the operation of her brain, digestive, neurological and musculoskeletal system. (Tr. 654). He also indicated that Plaintiff's "visual disturbance[s] [and] lack of focus [and] dizziness [could] put others at risk." (Tr. 656). Dr. Reichel estimated that Plaintiff's impairments were likely to last for a lifetime; therefore, the accommodations were suggested from December 9, 2019, through her

9

lifetime. (Tr. 654). Dr. Reichel also noted that Plaintiff was currently not working through September 14, 2020, due to a surgery. (Tr. 654).

Approximately six months later, on March 22, 2021, Dr. Reichel completed a "Physical Medical Source Statement" form in which he offered opinions and information regarding Plaintiff's physical impairments (the "March 2021, Opinion"). (Tr. 671-675). In that check the box form, Dr. Reichel provided that, among other things, Plaintiff's "[history of] vein surgery and resulting ankle pain, as well as knee pain (arthritis)" limited her to never crouching or climbing ladders, but she could occasionally climb stairs, and frequently twist, stoop, rotate and flex her neck. (Tr. 673). Dr. Reichel also opined that Plaintiff's carpal tunnel in her left hand affected her ability to feel and her related knee and ankle pain affected her ability to push and pull, but she could nevertheless engage in frequent handling and finger movements. (Tr. 673). Dr. Reichel also opined that, in order to change positions frequently due to arthritis and knee and ankle pain, Plaintiff was limited to sitting and standing for less than two hours. (Tr. 672). Dr. Reichel then indicated that, in order to relieve discomfort, Plaintiff could only sit for thirty minutes before changing positions; could only stand for thirty minutes before changing positions; and would need to walk around every fifteen minutes for five minutes each time. (Tr. 672). Dr. Reichel also opined that Plaintiff's increased migraines could be affected by moderate exposure to extreme heat and humidity. (Tr. 674). Dr. Reichel opined that Plaintiff's absences from work would be "[m]ore than three times a month" and her work would be affected by her need "to elevate [her] leg frequently, [and her] migraines [would] completely prevent work." (Tr. 674). He also opined that Plaintiff would "need to be out of shoes often due to increased ankle pain [and] ulcers." (Tr. 674). Lastly, Dr. Reichel noted that:

> Anyone of her conditions would impair her working ability. However, with combined migraines, ankle pain/ulcers, and knee pain/arthritis, she would need to

10

      be off work more than on and would be unpredictable/unreliable to maintain consistent work hours.

(Tr. 675).

After discussing Dr. Reichel's opinions from August 2020 and March 2021, the ALJ "d[id] not find them persuasive." (Tr. 18). Turning first to Dr. Reichel's March 2021, opinion, the ALJ discounted the limitation of less than two hours of sitting because there was insufficient evidence to support this limitation. (Tr. 18). As for Plaintiff's migraines, the ALJ noted that the March 2021, opinion appeared to be based entirely on Plaintiff's self-reported symptoms and accompanying treatment notes indicated that Plaintiff had no examination abnormalities and did not undergo or discuss any laboratory testing. (Tr. 18, 679-680).

The ALJ also discussed his reasoning for discounting Dr. Reichel's August 2020, opinion. Specifically, the ALJ noted that the limitation that Plaintiff could never balance, squat, or kneel was contradicted by Plaintiff's part-time work where she indicated that she stooped, kneeled, and crouched for five hours in a five-hour shift. (Tr. 18). The Court agrees with Plaintiff that, while not specifically cited to, the ALJ appears to have relied on Plaintiff's July 20, 2020, Work History Report wherein she reported to stocking items and working as a cashier when needed, which involved stooping, kneeling, and crouching for five hours during a five-hour shift. (Tr. 253-254, 260). It is at this point of the ALJ's analysis where the Court finds error.

Plaintiff argues, and the Court agrees, that the ALJ failed to consider or acknowledge altogether Plaintiff's second Work History Report, which was completed approximately one week later, on July 28, 2020, wherein Plaintiff reported greater limitations in her ability to stoop, kneel and crouch while working her part-time position. (Tr. 281-288). Specifically, Plaintiff reported, among other things, that she could only stoop for two hours, kneel for one hour, and did not crouch during her eight-hour shift. (Tr. 281-288). Although "an ALJ is not required to discuss every

11

piece of evidence submitted[,]" Wildman v. Astrue, 596 F.3d 959, 966 (8th Cir. 2010), it is unclear to the Court whether the ALJ considered the July 28, 2020, Work History Report at all. Without a specific discussion, the Court is unable to meaningfully review this portion of the decision where the ALJ discounted Dr. Reichel's opinion as to Plaintiff's inability to balance, squat, or kneel based on a purported contradiction with her part-time work activities. See Draper v. Barnhart, 425 F.3d 1127, 1130 (8th Cir. 2005) (quoting Reeder v. Apfel, 214 F.3d 984, 988 (8th Cir. 2000) ("While a 'deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency [has] no practical effect on the outcome of the case,' inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis to remand.").[3]

Therefore, the Court finds that the ALJ's failure in discussing Plaintiff's July 28, 2020, Work History Report constitutes reversible error. See Willcockson v. Astrue, 540 F.3d 878, 879-80 (8th Cir. 2008) (finding that while errors and uncertainties in opinion might not individually warrant remand, combination created doubt about ALJ's rationale and required remand). Remand is required for the ALJ to address Plaintiff's July 28, 2020, Work History Report, and if the ALJ discounts the report, explain why.[4]

**V. Conclusion**

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's Motion for Summary Judgment, [Docket No. 13], be **GRANTED**;

2. Defendant's Motion for Summary Judgment, [Docket No. 17], be **DENIED**; and

---

[3] To the extent Plaintiff argues that the ALJ should not have considered the July 20, 2020, Work History Report because it was not signed by Plaintiff, the Court is not persuaded by this argument. The ALJ was entitled to consider the July 20, 2020, Work History Report in making his findings and conclusions where Plaintiff's counsel at the June 22, 2021, administrative hearing did not object to the record. (Tr. 33).

[4] Because the Court finds remand appropriate based on Plaintiff's July 28, 2020, Work History Report related argument, the Court does not address Plaintiff's other arguments in support of remand. The Court notes, however, that the reevaluation will necessarily require consideration of each of the subsequent steps in the sequential analysis.

3. The above matter be **REMANDED** to the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with the opinion above.

Dated: May 2, 2023

s/Leo I. Brisbois  
Hon. Leo I. Brisbois  
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).