UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Susan M., | Case No. 22-cv-1012 (WMW/LIB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Kilolo Kijakazi, | |
| Defendant. | |

---

This matter is before the Court on the Report and Recommendation ("R&R") issued by United States Magistrate Judge Leo I. Brisbois on May 2, 2023. (Dkt. 20.) Defendant Kilolo Kijakazi objects to the R&R, (Dkt. 21), and Plaintiff Susan M. replied to Defendant's objection. (Dkt. 23.) For the reasons addressed below, the Court overrules Defendant's objection, adopts the R&R and remands this matter to the Social Security Administration ("SSA") pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.

## BACKGROUND

Because the R&R provides a detailed factual and procedural history, the Court briefly summarizes the background of this litigation. On April 21, 2022, Plaintiff commenced this action seeking judicial review of Defendant's decision to deny Plaintiff's application for disability benefits. Subsequently, the parties filed cross-motions for summary judgment. On May 2, 2023, the Magistrate Judge issued an R&R recommending that the case be remanded to the Social Security Administration because the record is

unclear as to whether the administrative law judge ("ALJ") took into consideration the July 28, 2020 Work History Report. Defendant timely objected to the R&R, and Plaintiff opposes the objection.

## ANALYSIS

Defendant objects to the May 2, 2023 R&R, arguing that the Magistrate Judge erred in concluding that this case should be remanded because the ALJ failed to consider the July 28, 2020 Work History Report. Defendant contends that consideration of the July 28, 2020 Work History Report is unnecessary to conclude that Plaintiff is not entitled to disability benefits. Plaintiff opposes the objection and contends that the Magistrate Judge did not err. The Court reviews *de novo* those portions of an R&R to which a party timely objected and "may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). An objection to an R&R must specify the nature of the objection and the grounds for doing so. *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Any objection that merely repeats arguments that were presented to and considered by a magistrate judge is reviewed for clear error. *Id.* As these arguments merely repeat those that were presented to and considered by the Magistrate Judge, the Court reviews the R&R for clear error.

"In analyzing a claimant's subjective complaints, such as pain, an ALJ must consider: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the condition; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions." *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir.2001). "Although required to develop the record fully and fairly, an ALJ is not

2

required to discuss every piece of evidence submitted." *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010). However, remand is appropriate when the ALJ's factual findings, when considered in light of the record as a whole, are insufficient to permit a Court to conclude that the Commissioner's decision is supported by substantial evidence. *Scott ex rel. Scott v. Astrue*, 529 F.3d 818, 822 (8th Cir. 2008).

The July 28, 2020 Work History Report includes limitations in Plaintiff's ability to stoop, kneel, and crouch while working in her part-time work position. Plaintiff reported that she could stoop for only two hours, kneel for one hour and did not crouch during her eight-hour shift. The July 28, 2020 Work History Report rebuts the July 20, 2020 Work History Report, which the ALJ appears to rely on to reject Plaintiff's work limitations. While "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered," *Wildman,* 596 F.3d at 966, "inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand." *Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005). Here, the absence of any consideration of the July 28, 2020 Work History Report deprives the Court of the ability to conclude that substantial evidence supports the SSA's decision. For this reason, the Magistrate Judge did not err in concluding that remand for further consideration of the July 28, 2020 Work History Report is warranted. Accordingly, Defendant's objection to the May 2, 2023 R&R is overruled, and the May 2, 2023 R&R is adopted.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Kilolo Kijakazi's objection to the May 2, 2023 R&R, (Dkt. 21), is **OVERRULED**;

2. The May 2, 2023 R&R, (Dkt. 20), is **ADOPTED**;

3. Plaintiff Susan M.'s Motion for Summary Judgment, (Dkt. 13), is **GRANTED**;

4. Defendant Kilolo Kijakazi's Motion for Summary Judgment, (Dkt. 17), is **DENIED;** and

5. This action is **REMANDED** to the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 1, 2023                         s/Wilhelmina M. Wright
                                              Wilhelmina M. Wright
                                              United States District Judge